THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VANCE DOTSON | ) |
|     Plaintiff, | ) JURY TRIAL DEMANDED |
| | ) |
| v. | ) Case No. |
| | ) |
| TRANS UNION, LLC, EQUIFAX | ) |
| INFORMATION SERVICES, LLC, | ) |
|     Defendants. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

COMES NOW the Plaintiff Vance Dotson ("Mr. Dotson" or "Plaintiff"), an individual consumer, by Counsel, and for his Complaint against Defendants, Trans Union, LLC, Equifax Information Services, LLC (collectively referred to as "CRAs"). Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681-1681x et seq.

1

2. Inaccuracies and errors plague consumer reporting. Estimates of serious errors range from 3 to 25%. The most recent and definitive FTC study on errors and credit reports found that 21% of consumers had verified errors in their credit reports, 13% had errors that had affected their credit scores, and 5% had errors serious enough to be denied or pay more for credit. *See* FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 (2012).

3. This means that 10 million Americans face serious errors in their credit reports that could result in them being denied or paying more for credit.

4. To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiff's note, the disclosure and summary-of-rights requirements are designed to protect consumers interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.")

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue in this District is proper in that the Defendant regularly conducts business in the State of Georgia.

### III.   PARTIES

7. Plaintiff Vance Dotson is a natural person residing in Oklahoma, OK.

8. Plaintiff Vance Dotson is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

9. Upon information and belief, Trans Union, LLC is an Illinois corporation duly authorized and qualified to do business in the State of Georgia.

10. Trans Union is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f) and it disburses consumer reports to third parties for monetary compensation.

11. Upon information and belief, Equifax Information Services, LLC is a Georgia corporation duly authorized and qualified to do business in the State of Georgia.

12. Equifax is a "credit reporting agency," as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

## IV.     FACTS OF THE COMPLAINT

13. On or about February 7, 2025, Mr. Dotson obtained copies of his consumer credit disclosures from Equifax Information Services, LLC, and Trans Union, LLC through www.annualcreditreport.com.

Equifax

14. Equifax was also required under 15 U.S.C. § 1681g(a) to clearly and accurately disclose to Mr. Dotson all the information in his file, subject to the same limited exception regarding truncation of the Social Security number.

15. Equifax's disclosure omitted critical information contained within his credit file, thereby failing to meet this requirement.

16. The omitted data included inaccurate information, re-aged data, and incomplete account details.

17. On or about February 8, 2025, Mr. Dotson submitted a dispute letter to Equifax, identifying numerous deficiencies across multiple accounts and requesting correction.

18. The disputed Accounts were clearly identified and described in his correspondence.

19. Mr. Dotson specifically outlined the nature of the inaccuracies and omissions so that Equifax could not reasonably misunderstand the dispute.

20. The Accounts with known inaccuracies or incomplete data included: JPMCB Card Services, Citicards CBNA, SYWMC/CBNA, Bank of America, Discover Bank, among others.

21. On or about March 30, 2025, Mr. Dotson obtained a new copy of his Equifax consumer disclosure via www.annualcreditreport.com.

22. The updated disclosure continued to reflect substantial errors and missing data.

23. These errors and omissions were numerous and included, but were not limited to, the following:

    - <u>JPMCB Card Services</u>: Incomplete payment history. Missing data in key fields, including "Date of Last Activity" and "Date Closed". The account was charged off in 2021, but still lists a balance of $3,609.

    - <u>SYWMC/CBNA</u>: Incomplete payment history. Missing data in key fields, including "Date of Last Activity" and "Delinquency First Reported". The account was charged off in 2022, but still lists a balance of $2,532.

    - <u>Discover Bank</u>: Incomplete payment history. Missing data in key fields, including "Date of Last Activity" and "Date Closed". The account was charged off in 2023, but still lists a balance of $2,208.

<u>Trans Union</u>

24. Similarly, TransUnion was required under 15 U.S.C. § 1681g(a) to provide a complete, clear, and accurate disclosure of all information in Mr. Dotson's

file, with the same limited exception regarding Social Security number truncation.

25. TransUnion's disclosure failed to include key information from Mr. Dotson's credit file.

26. The inaccuracies included erroneous data, incomplete payment histories, and missing source information.

27. On or about February 8, 2025, Mr. Dotson sent TransUnion a formal dispute letter, identifying specific accounts with multiple errors and requesting that corrective action be taken.

28. The disputed Accounts were clearly listed and explained in the correspondence.

29. Mr. Dotson explicitly detailed the inaccuracies and omissions, leaving no ambiguity as to what information was being challenged.

30. The affected Accounts included: American Express, Discover Bank, • Bank of America, BMW Financial Services, CitiCards CBNA, Communication Fedl Cu, among others.

31. On or about March 15, 2025, Mr. Dotson again accessed his TransUnion consumer disclosure through www.annualcreditreport.com.

32. Despite his disputes, the credit file remained riddled with material errors and omissions.

33. These included, without limitation:

    - American Express: Incomplete payment history. The account was charged off in 2021, but still lists a balance of $3,609 and a past due amount of $2,206.

    - Bank of America: Incomplete payment history. The account was charged off in 2021, but still lists a balance of $5,225 and a past due amount.

    - Continental Fin Co: Incomplete payment history.

34. Under 15 U.S.C. § 1681g(a), upon receipt of Mr. Dotson's request, all Defendants were legally obligated to provide Mr. Dotson with a complete and accurate disclosure of all information in his credit files at the time of his request.

35. Defendants provided an electronic copy of Mr. Dotson's Consumer Disclosure via www.annualcreditreport.com.

36. Rather than comply with the FCRA, each Defendant knowingly and intentionally failed to disclose all of the information in Mr. Dotson's credit file. These omissions appear to have been driven by a desire to reduce operating costs and increase profitability.

37. Accordingly, Equifax's and Trans Union's violations of the FCRA were willful.

38. Mr. Dotson is entitled to receive a complete, accurate, and transparent disclosure of his credit file from each CRA upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. *See* 15 U.S.C. § 1681j.

39. By failing to meet this requirement, Defendants deprived Mr. Dotson of a right expressly granted by federal law.

40. These violations were willful, not negligent, and were carried out through systemic procedures that prioritized internal efficiency over the accuracy and completeness of consumer disclosures. Defendants' practices suggest an institutional disregard for their statutory obligations under the FCRA.

## CAUSES OF ACTION

41. This suit is based upon the Defendants' violations of the Fair Credit Reporting Act.

42. All causes of action were the producing causes of damages, which Mr. Dotson suffered.

## FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681g

43. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

44. Defendants violated the FCRA.

45. Defendants' violations include, but are not limited to, the following:

> Defendants violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

46. Trans Union, and Equifax's conduct in violating the FCRA was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

47. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF
## 15 U.S.C. § 1681i

48. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

49. Trans Union, and Equifax violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (3) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) failing to promptly

delete the disputed, inaccurate information from Plaintiff's credit file in violation of § 1681i(a)(5)(A).

50. As a result of Trans Union and Equifax's conduct, Plaintiff suffered concrete and particularized harm, including, without limitation: loss of credit, credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

51. Trans Union and Equifax's conduct in violating § 1681i was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

52. In the alternative, Trans Union and Equifax were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## THIRD CLAIM FOR RELIEF
## 15 U.S.C. § 1681e(b)

53. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

54. Trans Union and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

55. Trans Union and Equifax's conduct in violating § 1681e(b) was willful, rendering them liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

56. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vance Dotson respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants Trans Union, LLC and Equifax Information Services, LLC, for the following:

a. Judgment that Defendants violated the FCRA;

b. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Attorney's Fees, Costs, and Expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

**Law By JW, LLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com

By: _/s/ Jeffrey A. Wilson_
    JEFFREY A. WILSON