UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VANCE DOTSON,

      Plaintiff,

v.

TRANS UNION, LLC, and EQUIFAX
INFORMATION SERVICES, LLC,

      Defendants.

Case No.: 1:25-cv-03326-MHC-CMS

**DEFENDANT TRANS UNION, LLC'S ANSWER
AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, Defendant Trans Union LLC ("Trans Union") by and through its counsel of record, and hereby files its Answer and Defenses to Plaintiff's Amended Complaint ("Complaint"). The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible:

**INTRODUCTION**

Trans Union admits that Plaintiff is a "consumer" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the Introduction paragraph of the Complaint and, therefore, denies

1

8306756.1

same.

## PRELIMINARY STATEMENT

1.     Trans Union admits only that Plaintiff has asserted claims against Defendants for actual, statutory, and punitive damages, and is seeking costs and attorney's fees for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*  Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

2.     Trans Union denies the allegations contained in paragraph 2 of the Complaint.

3.     Trans Union denies the allegations contained in paragraph 3 of the Complaint.

4.     The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.     Trans Union admits that jurisdiction is proper in this court.

6.     Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in the Northern District of Georgia.

## PARTIES

7.     Trans Union admits only that Plaintiff is a natural person as defined by

8306756.1

15 U.S.C. §. 1681a(b) of the FCRA.

8.      Trans Union admits that Plaintiff is a "consumer" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.  Trans Union denies the remaining allegations contained in paragraph 8 of the Complaint.

9.      Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

10.     Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

11.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and, therefore, denies same.

12.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and, therefore, denies same.

## IV.    FACTS OF THE COMPLAINT

13.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and, therefore, denies same.

14.     Trans Union is without information or knowledge sufficient to form a

3

belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and, therefore, denies same.

15.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and, therefore, denies same.

16.    Trans Union denies the allegations contained in paragraph 16 of the Complaint.

17.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and, therefore, denies same.

18.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and, therefore, denies same.

19.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and, therefore, denies same.

20.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and, therefore, denies same.

8306756.1

21.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and, therefore, denies same.

22.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and, therefore, denies same.

23.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and, therefore, denies same.

24.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and, therefore, denies same, including all subparts.

25.     The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26.     Trans Union denies the allegations contained in paragraph 26 of the Complaint.

27.     Trans Union denies the allegations contained in paragraph 27 of the Complaint.

28.     Trans Union admits that on February 13, 2025, it received

8306756.1

correspondence purported to be from Plaintiff regarding multiple accounts. Trans Union denies the remaining allegations contained in paragraph 28 of the Complaint.

29.    Trans Union denies the allegations contained in paragraph 29 of the Complaint.

30.    Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and, therefore, denies same.

32.    Trans Union denies the allegations contained in paragraph 32 of the Complaint.

33.    Trans Union denies the allegations contained in paragraph 33 of the Complaint, including all subparts.

34.    The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 34 of the Complaint.

35.    Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint,

6

and, therefore, denies same.

36. Trans Union denies the allegations contained in paragraph 36 of the Complaint.

37. Trans Union denies the allegations contained in paragraph 37 of the Complaint.

38. Trans Union denies the allegations contained in paragraph 38 of the Complaint.

39. Trans Union denies the allegations contained in paragraph 39 of the Complaint.

40. Trans Union denies the allegations contained in paragraph 40 of the Complaint.

41. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 41 of the Complaint.

42. Trans Union denies the allegations contained in paragraph 42 of the Complaint.

43. Trans Union denies the allegations contained in paragraph 43 of the Complaint.

44. Trans Union denies the allegations contained in paragraph 44 of the Complaint, including all subparts.

7

## CAUSES OF ACTION

45.     Trans Union admits that Plaintiff purports to bring an action with FCRA claims.  Trans Union denies the remaining allegations contained in paragraph 45 of the Complaint.

46.     Trans Union denies the allegations contained in paragraph 46 of the Complaint.

## FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681g

47.     Trans Union restates and incorporates its responses to paragraphs 1 through 46 above as though fully stated herein.

48.     Trans Union denies the allegations contained in paragraph 48 of the Complaint.

49.     Trans Union denies the allegations contained in paragraph 49 of the Complaint, including all subparts.

50.     Trans Union denies the allegations contained in paragraph 50 of the Complaint.

51.     Trans Union denies the allegations contained in paragraph 51 of the Complaint.

## SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1681i

8

8306756.1

52. Trans Union restates and incorporates its responses to paragraphs 1 through 51 above as though fully stated herein.

53. Trans Union denies the allegations contained in paragraph 53 of the Complaint.

54. Trans Union denies the allegations contained in paragraph 54 of the Complaint.

55. Trans Union denies the allegations contained in paragraph 55 of the Complaint.

56. Trans Union denies the allegations contained in paragraph 56 of the Complaint.

## THIRD CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)

57. Trans Union restates and incorporates its responses to paragraphs 1 through 56 above as though fully stated herein.

58. Trans Union denies the allegations contained in paragraph 58 of the Complaint.

59. Trans Union denies the allegations contained in paragraph 59 of the Complaint.

60. Trans Union denies the allegations contained in paragraph 60 of the Complaint.

9

8306756.1

## JURY DEMAND AND PRAYER FOR RELIEF

Trans Union denies the allegations contained in the prayer paragraph of the Complaint, including all subparts. Trans Union admits that Plaintiff demands a jury and objects to the extent that any of the issues demanded are not so triable.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

61. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

62. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

63. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

64. Trans Union at all times acted in compliance with the FCRA.

10

8306756.1

65. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

66. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

67. Plaintiff failed to mitigate his alleged damages.

68. To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

69. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

70. In the event that a settlement is reached between Plaintiff and any other person or entity, Defendant Trans Union is entitled to any settlement credits permitted by law.

71. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

72. Plaintiff lacks standing to assert the claims alleged in this action against Trans Union.

8306756.1

73.    Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

74.    Plaintiff's claim for declaratory relief is not authorized, provided for, or allowed under the FCRA.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Paul L. Myers*
Paul L. Myers
pmyers@qslwm.com
Georgia Bar No. 767391
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
6900 North Dallas Parkway, Suite 800
Plano, TX  75024
(214) 560-5452
(214) 871-2111 Fax
**Counsel for Trans Union LLC**

8306756.1

## <u>LOCAL RULE 5.1 CERTIFICATION</u>

I hereby certify TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.

*/s/ Paul L. Myers*
**PAUL L. MYERS**

8306756.1

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2025, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to the following counsel of record:

| | |
|---|---|
| Jeffrey Wilson | Katherine McFarland Stein |
| Law by JW, LLC | Equifax Legal Department |
| 1590 Jonesboro Rd | Legal Counsel – Litigation |
| SE #6839 | 1550 Peachtree Street, NW |
| Atlanta, GA 30315 | Atlanta, GA 30309 |
| (832) 422-6362 | (404) 885-8066 |
| jeff@lawbyjw.com | Kate.stein@equifax.com |
| ***Counsel for Plaintiff*** | ***Counsel for Equifax Information Services, LLC*** |

/s/ Paul L. Myers

**PAUL L. MYERS**

14

8306756.1