THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VANCE DOTSON )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>TRANS UNION, LLC, EQUIFAX )<br>INFORMATION SERVICES, )<br>LLC, )<br>   Defendants. ) | Case No. 1:25-cv-03326-MHC-CMS |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. Description of Case:

 (a) <u>Describe briefly the nature of this action.</u>

<u>Plaintiff</u>:

 This is an action for actual, statutory, and punitive damages brought by Plaintiff Vance Dotson, an individual consumer, against Defendants Equifax Information Services, LLC, Trans Union, LLC, and for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

 Mr. Dotson alleges that each Defendant violated the Fair Credit Reporting Act by failing to clearly and accurately disclose all information contained in his consumer file on at least two separate occasions.

 Moreover, after Mr. Dotson provided written notice of the errors by sending dispute letters to each Defendant identifying the inaccuracies and omissions, Defendants ignored his concerns and failed to conduct a reasonable investigation into the disputed information.

 The specific provisions Plaintiff contends that Defendants violated:

  1) Defendants violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

2) Defendants violated multiple sections of 15 U.S.C. § 1681i, including but not limited to:
    i. failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1);
    ii. failing to review and consider all relevant information submitted by Plaintiff in violation of § 1681i(a)(4);
    iii. failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and
    iv. failing to promptly delete the disputed, inaccurate information from Plaintiff's credit file in violation of § 1681i(a)(5)(A).
3) Defendants violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

Defendant Trans Union, LLC: As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff. Further, Trans Union properly investigated Plaintiff's disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of that investigation to Plaintiff. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union accepted information regarding Plaintiff from reliable sources. Trans Union may reasonably rely upon the data furnisher, which is required to investigate a consumer dispute under 1681s-2(b) after receiving notice from a consumer reporting agency. Trans Union has not acted with malice, negligent, willful, or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has

fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time, Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, Equifax, Experian, and any underlying creditor(s). Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

<u>Defendant Equifax Information Services, LLC:</u> Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims, denies that it failed to comply with § 1681e(b), § 1681i, or any other provision of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and that it conducted reasonable reinvestigations of any disputes it received regarding Plaintiff. Accordingly, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

(b) <u>Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.</u>

<u>Plaintiff</u>:

In February 2025, Mr. Dotson obtained copies of his consumer credit disclosures from Equifax Information Services, LLC, and Trans Union, LLC. Each of these disclosures contained numerous errors and omissions. Shortly thereafter, Mr. Dotson submitted written dispute letters to each consumer reporting agency, specifically identifying multiple inaccuracies, incomplete entries, and omissions related to several tradelines, and formally requesting that the agencies conduct reasonable reinvestigations and make appropriate corrections.

In March, Mr. Dotson obtained an updated disclosure from each CRA and noticed that, despite his disputes, the revised disclosures from all three agencies continued to reflect numerous inaccuracies, omissions, and

incomplete reporting, demonstrating the agencies' failure to reasonably investigate and correct the errors.

<u>Defendant Trans Union LLC:</u> This is an action for damages brought by an individual consumer against Trans Union LLC ("Trans Union"), a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), for alleged violations of the FCRA. Trans Union denies that it violated the FCRA, and that it is liable to Plaintiff for any alleged damages.

<u>Defendant Equifax Information Services, LLC:</u> Equifax denies that it failed to comply with § 1681e(b), § 1681i, or any other provision of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and that it conducted reasonable reinvestigations of any disputes it received regarding Plaintiff.

(c) <u>The legal issues to be tried are as follows:</u>

<u>Plaintiff:</u>

1. Whether Defendants Equifax Information Services, LLC, and Trans Union, LLC violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of the request.

2. Whether Defendants Equifax Information Services, LLC, and Trans Union, LLC violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained?

3. Whether Defendants Equifax Information Services, LLC, and Trans Union, LLC, violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of the disputed information?

4. Whether Defendants Equifax Information Services, LLC, and Trans Union, LLC, violations (s) of the Fair Credit Reporting Act were negligent or willful?

**Defendant Trans Union:** The key legal issues will focus on the fact that Trans Union performed a reasonable reinvestigation of Plaintiff's disputes and had

reasonable procedures in place in assuring maximum possible accuracy of Plaintiff's Trans Union credit files. Further, the principal issues are:

- whether Plaintiff's Trans Union credit files contained any inaccuracy;
- whether any Trans Union consumer report(s) regarding Plaintiff contained an inaccuracy;
- whether Trans Union conducted a reasonable reinvestigation in response to Plaintiff's dispute of any underlying account(s) at issue;
- whether Trans Union maintained reasonable procedures to assure the maximum possible accuracy of consumer report(s) regarding Plaintiff;
- whether any failure to conduct a reasonable investigation or maintain reasonable procedures was willful or negligent;
- whether Plaintiff suffered any damages; and whether Plaintiff alleged damages were caused by Trans Union.

*Defendant TransUnion LLC further contends the following are the potential legal issues raised by the pleadings:*

1. Whether Plaintiff has stated any claims upon which relief may be granted;

2. Whether Plaintiff has established a claim against Trans Union for negligent noncompliance with the FCRA;

3. Whether Plaintiff has established a claim against Trans Union for willful noncompliance with the FCRA;

4. Whether Plaintiff suffered any damage as a result of any actions or inactions of Trans Union;

5. Whether any causal links exist between Trans Union's alleged actions or inactions and Plaintiff's alleged damages;

6. Whether Plaintiff is entitled to actual damages pursuant to the FCRA;

7. Whether Plaintiff is entitled to statutory damages pursuant to the FCRA;

8. Whether Plaintiff is entitled to punitive damages pursuant to the FCRA; and

9. Whether any party is entitled to costs or attorneys' fees.

**Defendant Equifax:** Equifax believes the key legal issues are:

- whether Equifax's credit file for Plaintiff contained any inaccuracy;
- whether Equifax prepared any consumer report(s) regarding Plaintiff that contained an inaccuracy;
- whether Equifax conducted a reasonable reinvestigation in response to Plaintiff's dispute(s);
- whether Equifax maintained and followed reasonable procedures to assure the maximum possible accuracy of consumer report(s) regarding Plaintiff;
- whether any failure to conduct a reasonable investigation or maintain reasonable procedures was willful or negligent;
- whether Plaintiff suffered any damages; and whether Plaintiff can show any damages were caused by an action or inaction of Equifax.

2. This case is complex because it possesses one or more of the features listed below (please check):

__X__ (1) Unusually large number of parties

_____ (2) Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex

_____ (4) Greater than normal volume of evidence

__X__ (5) Extended discovery period is needed

_____ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government

_____ (8) Multiple use of experts

_____ (9) Need for discovery outside United States boundaries

_____ (10) Existence of highly technical issues and proof

_____ (11) Unusually complex discovery of electronically stored information

3. Counsel:

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

**Jeffrey A. Wilson**
**Law By JW, LLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com


Trans Union LLC:
    Paul L. Myers
    Quilling, Selander, Lownds,
    Winslett & Moser, P.C.
    6900 N. Dallas Parkway, Suite 800
    Plano, Texas 75024

    (214) 560-5453
    pmyers@qslwm.com

<u>Equifax Information Services LLC:</u>
    Katherine McFarland Stein
    GA. Bar No. 255442
    Legal Counsel-Litigation
    Equifax Legal Department
    1550 Peachtree St.
    Atlanta, GA 30309
    Tel: (404)885-8066
    Fax: (404)885-8215
    Email: kate.stein@equifax.com

    4. Jurisdiction:

Is there any question regarding this Court's jurisdiction?

   Yes       X     No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. Parties to This Action:

   (a) The following persons are necessary parties who have not been joined:

N/A.

   (b) The following persons are improperly joined as parties:

N/A.

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

N/A.

   (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any

contentions regarding misjoinder of parties or errors in the statement of a party's name.

N/A.

6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

On November 21, 2025, Plaintiff filed a Motion for Leave to file an Amended Pleading.  No other amendments are anticipated at this time, but the parties reserve the right to seek leave to do so in the future.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times for Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions:  within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

No objection.

The parties will exchange initial disclosures on or before December 5, 2025.

9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Parties do not request a scheduling conference.

10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

The parties respectfully request that the Court assign this matter to an 8-month discovery track. The parties ask that the Court designate this matter as complex for three primary reasons related to: (i) case complexity; (ii) settlement efforts; and (iii) inevitability of scheduling issues for multiple

parties and witnesses located across various time zones throughout the country.

Please state below the subjects on which discovery may be needed:

<u>Plaintiff:</u>

1. Credit information disclosed by Defendants;
2. Credit information published by Defendants;
3. Credit information contained in Defendants' file regarding Plaintiff;
4. Defendants' actions and inactions in the handling of Plaintiff's disputes;
5. Defendants' policies and procedures; and
6. Damages incurred by Plaintiff.

<u>TransUnion LLC:</u>

Based on what is currently known, Defendant Trans Union anticipates conducting discovery on the following:

(1) The facts and circumstances surrounding the allegations in Plaintiff's Complaint;

(2) Communications between Plaintiff and Defendants;

(3) Reinvestigations conducted by Plaintiff's creditors;

(4) Communications between Plaintiff and his creditors;

(5) The facts and circumstances surrounding Plaintiff's alleged damages;

(6) Plaintiff's failure to mitigate his alleged damages;

(7) Causation relating to Plaintiff's alleged damages;

(8) The facts and circumstances surrounding Plaintiff's alleged adverse credit action;

(9) Plaintiff's credit history and usage;

(10) The facts and circumstances surrounding any third parties whom

11

       have allegedly received or reviewed Plaintiff's consumer report; and

(11) Any other issue(s) raised by the pleadings or discovery.

<u>Defendant Equifax:</u> Based on what is currently known, Equifax anticipates conducting discovery on the following:

(12) The facts and circumstances surrounding the allegations in Plaintiff's Complaint;

(13) Communications between Plaintiff and Defendants;

(14) Reinvestigations conducted by Plaintiff's creditors;

(15) Communications between Plaintiff and his creditors;

(16) The facts and circumstances surrounding Plaintiff's alleged damages;

(17) Plaintiff's efforts to mitigate any alleged damages;

(18) Causation relating to Plaintiff's alleged damages;

(19) The facts and circumstances surrounding any applications for credit by Plaintiff;

(20) Plaintiff's credit history and usage;

(21) The facts and circumstances surrounding any third parties whom have allegedly received or reviewed Plaintiff's consumer report; and

(22) Any other issue(s) raised by the pleadings or discovery.

Anticipated deponents are: Plaintiff, Corporate Representatives for Defendants, the third party creditor in question, and any other witness(es) disclosed.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties respectfully request that the Court assign this matter to a 8-month discovery track. The parties ask that the Court designate this matter as complex for three primary reasons related to: (i) case complexity; (ii) settlement efforts; and (iii) inevitability of scheduling issues for witnesses located across various time zones throughout the country.

Counsel for the parties are seeking a longer discovery schedule because they would like to continue exploring the possibility of early case resolution prior to beginning time-intensive and costly discovery. Counsel for the parties have a good working relationship and have learned that early case resolution can take a substantial amount of time as they engage in early, informal exchange of information. Accordingly, the parties are asking a 8-month discovery track to allow them to continue pursuing Rule 408 discussions without immediately launching into formal discovery.

Additionally, parties located around the country present scheduling challenges. The need to coordinate numerous schedules across different time

zones further complicates scheduling in this case. In addition to the three parties in this case, the Parties anticipate they will need discovery from non-parties as well regarding the disputed reporting and Plaintiff's alleged damages. Coordinating the additional schedules of these non-party witnesses, whose identities and locations are not yet known, increase the complexity of scheduling in this case. For these reasons, the Parties respectfully request an 8-month discovery period.

11. Discovery Limitation and Discovery of Electronically Stored Information:

    (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

N/A.

> The parties propose that each party be limited to serving ~~40~~ 50 Requests for Admissions and ~~40~~ 50 Requests for Production of Documents on any other party.

> The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

> The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

> The parties agree that pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary e-mail address listed (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt

of the service by email. If an error or delayed delivery message is received by the sending party, that party shall promptly notify the intended recipient of the message and serve the pleadings of other papers by other authorized means.

(b) Is any party seeking discovery of electronically stored information?

    X   Yes                      No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties <u>do not believe</u> that this case is suitable for discovery of electronically stored information in <u>native format</u> but state that production of any relevant electronically stored information in hard copy or electronic format (PDF or other similar means) has been sufficient in prior similar FCRA cases.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties <u>do not believe</u> that this case is suitable for discovery of electronically stored information in <u>native format</u> but state that production of any relevant electronically stored information in hard copy or electronic format (PDF or other similar means) has been sufficient in prior similar FCRA cases.

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate filing a proposed protective order to address the production of confidential and/or trade secret information.

13. Settlement Potential:

(a) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( X ) A possibility of settlement before discovery.

( X ) A possibility of settlement after discovery.

(   ) A possibility of settlement, but a conference with the judge is needed.

(   ) No possibility of settlement.

(b) Counsel ( X ) do or (   ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is         , 20      .

(c) The following specific problems have created a hindrance to settlement of this case.  Not applicable.

14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (     ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form  has  been  submitted  to the  clerk  of  court   this


(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.


Counsel for Plaintiff

                                        Counsel for Plaintiff

                                         /s/ Jeffrey A. Wilson
                                        **Law By JW, LLC**
                                        1590 Jonesboro Rd. SE #6839
                                        Atlanta, GA 30315
                                        Phone: (832) 422-6362

jeff@lawbyjw.com
GA Bar: 528611


/s/ *Paul L. Myers*
Paul L. Myers
pmyers@qslwm.com
Georgia Bar No. 767391
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5452
(214) 871-2111 Fax
**Counsel for Trans Union LLC**


*/s/ Katherine McFarland Stein*
Katherine McFarland Stein
GA. Bar No. 255442
Legal Counsel-Litigation
Equifax Legal Department
1550 Peachtree St.
Atlanta, GA 30309
Tel: (404)885-8066
Fax: (404)885-8215
Email: kate.stein@equifax.com
**Counsel for Equifax Information Services LLC**

* * * * * * * * * * * * *

SCHEDULING

ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this day of           , 2025.

_____

UNITED STATES DISTRICT JUDGE