THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VANCE DOTSON<br>        Plaintiff,<br><br>v.<br><br><br>TRANS UNION, LLC, EQUIFAX<br>INFORMATION SERVICES, LLC,<br>        Defendants. | )<br>)<br>)<br>) Case No.<br>)    1:25-cv-03326-MHC-CMS<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S COUNSEL'S CONSENT MOTION TO WITHDRAW AS
COUNSEL OF RECORD AND REQUEST FOR LIMITED 30-DAY
EXTENSION OF PLAINTIFF'S CURRENT DEADLINES**

Plaintiff's counsel of record, Jeffrey A. Wilson and Law By JW, LLC ("Counsel"), respectfully move for leave to withdraw as counsel for Plaintiff Vance Dotson pursuant to LR 83.1(E), N.D. Ga. Plaintiff consents to Counsel's withdrawal and, by signing below, certifies his consent and his receipt of the advisements required by LR 83.1(E)(3) and LR 83.1(E)(2)(b)(B)-(H).

I. Introduction

1.  Plaintiff Vance Dotson is an individual consumer and the plaintiff in this civil action against Defendants Trans Union, LLC and Equifax Information Services, LLC.

2.  Plaintiff asserts claims under the Fair Credit Reporting Act, including claims under 15 U.S.C. §§ 1681g, 1681i, and 1681e(b).

1

3. This is not a class action. No class has been alleged or certified, and no absent class members will be affected by Counsel's withdrawal.

4. Defendants filed a Joint Motion for Judgment on the Pleadings on June 18, 2026.

5. Counsel has advised Plaintiff that withdrawal will not, by itself and absent a Court order, extend any existing deadline or relieve Plaintiff of any obligation to comply with the Federal Rules of Civil Procedure, the Local Rules, or any order of this Court.

## II. Argument

6. Good cause exists for withdrawal. Irreconcilable differences have arisen concerning the representation, and the attorney-client relationship has deteriorated to the point that continued representation is no longer reasonably practicable.

7. Counsel has drafted this motion in general terms to avoid disclosing privileged attorney-client communications, attorney work product, or confidential information concerning the representation.

8. Plaintiff has been advised of Counsel's intention to withdraw, consents to Counsel's withdrawal, and will confirm that consent by signing the client-consent certificate below.

9. No substitute counsel is identified at this time. Plaintiff has been advised that, unless and until substitute counsel enters an appearance, he will be

responsible for representing himself and complying with all applicable rules, orders, deadlines, and obligations in this case.

10. To Counsel's knowledge, no trial date has been set and no proposed pretrial order has been submitted. Counsel's withdrawal should not delay trial or otherwise delay these proceedings.

### III. Client Consent and Local Rule 83.1(E) Advisements

I, Vance Dotson, certify as follows:

11. I am the Plaintiff in this action. I consent to the withdrawal of Jeffrey A. Wilson and Law By JW, LLC as my counsel of record in this case.

12. I understand that the Court retains jurisdiction over this action even if Counsel is allowed to withdraw.

13. I understand that I must keep the Court informed of my current address, telephone number, and email address where notices, pleadings, and other papers may be served.

14. I understand that, if a trial date has been set or is later set, I must prepare for trial myself or retain other counsel to prepare for trial.

15. I understand that failure or refusal to satisfy court-related obligations may result in adverse consequences, including dismissal, sanctions, adverse rulings, or other consequences authorized by law or court order.

16. I have been advised of all currently known scheduled proceedings and deadlines. To Counsel's knowledge, no trial date is currently set. I have also

been advised that Defendants filed a Joint Motion for Judgment on the Pleadings on June 18, 2026, and that Counsel's withdrawal does not automatically change any response deadline or other deadline.

17. I understand that, unless and until another attorney appears for me, notices may be served on me at my last known address and any updated address I provide to the Clerk of Court.

18. I understand that if I proceed without counsel, I must notify the Clerk of Court within 21 days after entry of any withdrawal order, or before any further proceedings are conducted, of either my decision to proceed pro se or my retention of another attorney. I also must provide the Clerk with my current telephone number, mailing address, and email address. I understand that failure to comply with this requirement will constitute a default under LR 83.1(E)(5), N.D. Ga.

19. I understand that the requirement that corporations and organizations must be represented by counsel does not apply to me because I am an individual plaintiff. If this case involved a corporation or organization, that entity could appear only through counsel admitted to practice before this Court, and failure to comply could result in default judgment.

20. Plaintiff's current contact information for service after withdrawal is:

- Vance Dotson
  425 W. Wilshire Blvd Ste., E
  Oklahoma City, OK 73116

4

405-406-7323
vancedotson@yahoo.com

### IV. Request for Limited Extension of Current Deadlines

21. In connection with Counsel's withdrawal, Counsel respectfully requests that the Court extend by thirty (30) days all current deadlines applicable to Plaintiff, including but not limited to any deadline to respond to Defendants' Joint Motion for Judgment on the Pleadings and any other pending motion, discovery obligation, briefing deadline, or scheduling-order deadline currently running against Plaintiff.

22. Good cause exists for this limited extension. Plaintiff has consented to Counsel's withdrawal, no substitute counsel has yet appeared, and a short extension will afford Plaintiff a reasonable opportunity to retain substitute counsel or, if he elects to proceed pro se, to prepare to comply with his obligations under the Federal Rules of Civil Procedure, the Local Rules of this Court, and any orders entered in this case.

23. The requested extension is limited in duration and is sought to avoid prejudice to Plaintiff during the transition in representation. Counsel does not seek a continuance of trial, and to Counsel's knowledge, no trial date has been set, and no proposed pretrial order has been submitted.

24. Accordingly, Counsel respectfully requests that, if the Court grants withdrawal, the Court also extend all current deadlines applicable to

5

Plaintiff by thirty (30) days from their current due dates, or alternatively for thirty (30) days from the date of the Court's order granting withdrawal, whichever provides Plaintiff the greater protection during the transition period.

## V. Conclusion

25. For the foregoing reasons, Plaintiff's counsel of record, Jeffrey A. Wilson and Law By JW, LLC, respectfully request that the Court grant this Consent Motion, permit Counsel to withdraw as counsel of record for Plaintiff Vance Dotson, and direct that future notices and filings be served on Plaintiff at the contact information identified in the client-consent certificate unless and until substitute counsel enters an appearance.

26. Counsel further requests that the Court extend by thirty (30) days all current deadlines applicable to Plaintiff, including any deadline to respond to Defendants' Joint Motion for Judgment on the Pleadings, any other pending motion, any discovery obligation, any briefing deadline, and any scheduling-order deadline, so that Plaintiff has a reasonable opportunity to retain substitute counsel or prepare to proceed pro se.

27. Counsel respectfully requests such other and further relief as the Court deems just and proper.

Respectfully submitted:

**Law By JW, LLC**

6

1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com


By: _____
    JEFFREY A. WILSON


_____
Vance Dotson
Plaintiff


CERTIFICATE OF SERVICE

I hereby certify that on Thursday, June 25, 2026, the foregoing

document was served on all required parties via the ECF system.

    /s/ Jeffrey A. Wilson_____
    Jeffrey A. Wilson

7