**THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **VANCE DOTSON**<br>　　　**Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | **1:25-cv-03326-MHC-CMS** |
| | ) | |
| **TRANS UNION, LLC, EQUIFAX** | ) | |
| **INFORMATION SERVICES, LLC,** | ) | |
|　　　**Defendants.** | ) | |
| | ) | |

**AGREED PROTECTIVE ORDER**

Pending before the Court is the Parties' Agreed Motion for Protective Order. After considering said Motion, the Court finds that it should be GRANTED. It is therefore ORDERED that the parties herein comply with the provisions of this Order set forth below.

Plaintiff Vance Dotson has filed this lawsuit (the "Litigation") against Defendants Trans Union LLC ("Trans Union"), and Equifax Information Services, LLC ("Equifax"), alleging that Defendants are liable to Plaintiff for damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* In connection with the Litigation, Plaintiff has sought discovery or testimony regarding certain of Defendants' confidential and proprietary trade secrets and other business information and Defendants have sought discovery or testimony regarding

1

the personal identifying information of Plaintiff (herein after collectively referred to as the "Confidential Information").

As a means of avoiding continued dispute with respect to any Parties' requests for the Confidential Information, the Parties have agreed to produce certain Confidential Information pursuant to the terms of this Order.

All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

The Parties may designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony, or other information that the designating party in good faith believes contains non-public, proprietary, commercially sensitive, trade secret, or personally identifying information, or other information entitled to protection under Federal Rule of Civil Procedure 26(c).

Any document, discovery, testimony, or other information so designated shall be treated as Confidential Information under this Order only to the extent of the information that qualifies for such protection, whether in form or substance.

The Confidential Information provided by any of the Parties shall be used strictly in accordance with the terms in this Order.

2

The Parties may designate any document, discovery response, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information."

Deposition or trial testimony may be designated as Confidential Information only as to those specific portions that qualify for protection under this Order. Such designations shall be made on the record during the deposition or proceeding where practicable. If designation on the record is not practicable, a Party may designate specific portions of the transcript as Confidential Information by providing written notice identifying the page and line numbers to opposing counsel within thirty (30) days of receipt of the final transcript.

Testimony shall not be deemed Confidential Information in its entirety absent an express on-the-record designation or written designation identifying specific portions of the transcript. Pending expiration of the thirty (30) day designation period, only those portions of testimony reasonably believed in good faith to contain Confidential Information shall be treated as Confidential Information.

The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with the Confidential Information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

Unless otherwise ordered by the Court, or agreed to in writing by the Parties, information designated by any of the Parties as Confidential Information shall not

be revealed to any person or entity except: (i) the parties, their attorneys and their attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; and (iii) expert witnesses and their staff employed for this litigation after such experts have signed the acknowledgment attached as Exhibit A; (iv) present or former employees of the producing party in connection with their depositions in this action, including witnesses produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; (vi) outside professional vendors that provide litigation support services, such as photocopying, imaging, videotaping, exhibit preparation, etc. after such vendors have signed the acknowledgment attached as Exhibit A, and (vii) the Court, Court personnel, and members of any jury impaneled to hear this case.

In the event a Party seeks to file material designated as Confidential Information with the Court, the Party shall do so only in compliance with the Court's rules and applicable law governing the filing of documents under seal. Nothing in this Order shall be construed as authorizing the filing of any material under seal absent a separate showing of good cause or other applicable legal standard required

4

by the Court. The Parties agree to cooperate in good faith to ensure filing of any Confidential Information is done in compliance with this Order, Court's rules, and applicable law governing the filing of documents under seal.

In the event a Party disagrees with the designation of Confidential Information, the Parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies. In the event such a dispute cannot be resolved by agreement, a Party may move the Court for modification of the designation of such Confidential Information. The Confidential Information designation shall be maintained pending disposition of such a motion.

The procedures to govern the use and disclosure of Confidential Information and the redaction of any "Confidential" or "Confidential Information" designation may be the subject of further agreement of the Parties or order of the Court.

Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information. Any of the Parties can remove their designation of Confidential Information from any information it has previously so designated.

This Order governs the designation, issue, and disclosure of Confidential Information during pretrial discovery. Confidential Information may be used in connection with motions, hearings, or other court proceedings, subject to the Court's

rules and applicable law governing the filing of materials under seal or restriction of public access. Nothing in this Order authorizes the filing of any material under seal or the closure of any hearing absent a separate showing of good cause or other applicable legal standard and an order of the Court.

The Parties cannot use or disclosure any Confidential Information in any pretrial court proceeding that is open to persons not authorized to have access to such Confidential Information under the terms of this Order. This provision does not limit the right of any of the Parties to sub    mit any Confidential Information to the Court under seal as described above.

Pursuant to Federal Rule of Evidence 502(d), the inadvertent or unintentional disclosure or production of any information or document subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity shall not constitute a waiver of any such privilege or protection in this action or in any other federal or state proceeding.

Upon notice by the producing party that privileged or protected information has been inadvertently produced, the receiving party shall promptly return, sequester, or destroy the specified information and any copies thereof, and shall not use or disclose such information unless and until the claim of privilege or protection is resolved. Nothing herein shall limit the receiving party's right to challenge the applicability of any asserted privilege or protection.

Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing Plaintiff and Defendants with written notice that they intend to comply with and be bound by the terms of this Protective Order.

Documents previously withheld solely on the basis of confidentiality shall be produced within a reasonable time, consistent with Rule 26(e).

This Order governs the designation, use, and disclosure of Confidential Information during pretrial proceedings only. Nothing in this Order shall be construed to restrict the use, disclosure, or admissibility of any evidence at trial or at any hearing, which shall be governed by the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and any orders of the Court. Any party seeking to maintain confidentiality of material used at trial or hearing must obtain a separate ruling from the Court.

Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel or destroy the original and any copies of any Confidential Information produced.

Non-Use of Artificial Intelligence. Confidential Material covered by this Order shall not be submitted to any open AI tool, website, or large language model (for example, ChatGPT or Claud).

The Parties reserve the right to modify this Order to address a category of materials with a higher level of protection, such as "Attorneys' Eyes Only."

SO ORDERED.


SIGNED this _____day of _____, 2026.


_____
UNITED STATES DISTRICT JUDGE

**AGREED:**

*/s/Heather Sharp*

**HEATHER SHARP**
hsharp@seyfarth.com
Seyfarth Shaw LLP
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
(404) 881-5477
*and*
**KATHERINE MCFARLAND STEIN**
Kate.stein@equifax.com
Equifax legal Department
Legal Counsel – Litigation
1550 Peachtree Street, NW
Atlanta, GA 30309
(404) 885-8066
*Counsel for Equifax Information Services, LLC*

*/s/ Samin Agha*

**SAMIN AGHA** *(Admitted Pro Hac Vice)*
Texas Bar No. 24110989
sagha@qslwm.com
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
5801 Tennyson Pkwy, Ste 440
Plano, Texas 75024
(214) 560-5464
(214) 871-2111 Fax
*and*
**PAUL L. MYERS**
pmyers@qslwm.com
Georgia Bar No. 767391
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
5801 Tennyson Parkway, Suite 440
Plano, TX  75024
(214) 560-5452
(214) 871-2111 Fax
*and*
**ALEX BARFIELD**
Georgia Bar No. 037147
TUCKER ELLIS LLP
3344 Peachtree Road NE, Suite 1050
Atlanta, Georgia 30326
Telephone: (404) 678-6366
Facsimile:  (404) 678-6380
alex.barfield@tuckerellis.com
*Counsel for Trans Union LLC*

*/s/Vance Dotson*

**VANCE DOTSON**
vancedotson@yahoo.com
425 W. Wilshire Blvd Ste., E
Oklahoma City, OK 73116
(405) 406-7323
*Pro Se Plaintiff*

9

## **EXHIBIT A**

The undersigned has read and understands the terms of the Agreed Protective/Confidentiality Order effective in this case, *Vance Dotson v. Trans Union, LLC, et al.,* Civil Action No. 1:25-cv-03326-MHC-CMS, which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division. The undersigned agrees (i) to abide by the terms of the Agreed Protective/Confidentiality Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Agreed Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order; and (iii) to submit to the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division for resolution of any issues arising under the Agreed Protective/Confidentiality Order.

Dated:＿＿＿＿＿＿＿＿＿＿＿＿＿

Signed:＿＿＿＿＿＿＿＿＿＿＿＿＿

Printed:＿＿＿＿＿＿＿＿＿＿＿＿＿

10