**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

VANCE DOTSON,

        Plaintiff,

v.

TRANS UNION, LLC., and EQUIFAX
INFORMATION SERVICES, LLC,

        Defendants.

Case No.: 1:25-cv-03326-MHC-CMS

**DEFENDANTS TRANS UNION LLC AND EQUIFAX INFORMATION
SERVICES LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY**

COMES NOW, Defendant Trans Union LLC ("Trans Union") and Equifax

Information Services LLC ("Equifax") (collectively, the "Defendants"), by and

through counsel of record, and hereby files this Notice of Supplemental Authority

and respectfully shows the Court as follows:

On June 22, 2026, while Defendants' Motion for Judgment on the Pleadings

(Dkt. 43) remains pending, the United States Court of Appeals for the Second

Circuit issued a summary order affirming dismissal of Fair Credit Reporting Act

("FCRA") claims involving allegations materially similar to those asserted in this

action. *See Lensendro v. TransUnion LLC*, No. 25-1888-cv (2d Cir. June 22,

1

2026).[1]

Although *Lensendro* is a nonprecedential summary order, the decision is persuasive because it addresses several of the same theories advanced by Plaintiff here. In *Lensendro*, the plaintiff alleged that Trans Union violated the FCRA because his credit reporting partially redacted certain information, including account numbers, failed to include additional account balance and payment-history information, and continued to report balances on charged-off accounts. The Second Circuit affirmed dismissal of those claims.

The Second Circuit first reaffirmed that an FCRA plaintiff must establish an inaccuracy and reiterated that a report is inaccurate only if it is patently incorrect or materially misleading. Applying that standard, the court held that allegations concerning partially redacted account information and the absence of additional payment-history and account-balance information did not render the reporting inaccurate or materially misleading. Notably, the Second Circuit rejected those theories at the pleading stage notwithstanding allegations that additional account identifiers, account balances, and historical payment information should have been disclosed. *Id*.

---

[1] A true and correct copy of the *Lensendro* opinion is attached hereto as "Exhibit A."

Like Plaintiff here, the *Lensendro* plaintiff sought to transform allegations regarding allegedly missing, truncated, or incomplete account information into an actionable FCRA claim despite the absence of objectively inaccurate reporting. The decision is therefore persuasive authority supporting Defendants' position that allegations concerning truncated account identifiers, allegedly omitted payment-history information, source information, and purportedly incomplete disclosures do not plausibly state a claim under the FCRA. The Second Circuit's analysis is particularly relevant here because Plaintiff's § 1681g theory is likewise premised on allegations that additional account information should have been disclosed, rather than allegations that the information actually disclosed was objectively false.

The *Lensendro* court further rejected the argument that continuing balances on charged-off accounts rendered the reporting inaccurate. *Id.* at 5. The court explained that the fact that an account had been charged off and closed did not extinguish the underlying debt obligation and therefore did not render the reporting inaccurate. *Id.* This reasoning is consistent with the authorities cited in Defendants' Motion and further supports dismissal of Plaintiff's claims to the extent they challenge charge-off reporting.

Finally, because the plaintiff failed to establish an underlying FCRA violation, the Second Circuit likewise affirmed dismissal of the plaintiff's

3

willfulness claim. *Id*. at 6.

For the foregoing reasons, as well as those set forth in Defendants' Motion for Judgment on the Pleadings (Dkt. 43) and related briefing, Defendants Trans Union and Equifax respectfully requests that the Court consider the attached authority in ruling on Defendants Motion for Judgment on the Pleadings.

Respectfully submitted,

*/s/ Samin Agha*

**SAMIN AGHA** *(Admitted Pro Hac Vice)*
Texas Bar No. 24110989
sagha@qslwm.com
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
5801 Tennyson Pkwy, Ste 440
Plano, Texas 75024
(214) 560-5464
(214) 871-2111 Fax
*and*
**PAUL L. MYERS**
pmyers@qslwm.com
Georgia Bar No. 767391
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
5801 Tennyson Parkway, Suite 440
Plano, TX  75024
(214) 560-5452
(214) 871-2111 Fax
*and*
**ALEX BARFIELD**
Georgia Bar No. 037147
TUCKER ELLIS LLP
3344 Peachtree Road NE, Suite 1050
Atlanta, Georgia 30326

4

Telephone: (404) 678-6366
Facsimile:  (404) 678-6380
alex.barfield@tuckerellis.com
***Counsel for Trans Union LLC***

*/s/ Heather H. Sharp*

Heather H. Sharp, GA Bar No. 671545
hsharp@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056
***Counsel for Defendant***
***Equifax Information Services LLC***

5

## <u>LOCAL RULE 5. 1 CERTIFICATION</u>

I hereby certify that DEFENDANT TRANS UNION LLC'S MOTION FOR

JUDGMENT ON THE PLEADINGS has been prepared in Times New Roman 14-

point font in accordance with

*/s/ Samin Agha*
**SAMIN AGHA**

## CERTIFICATE OF SERVICE

I hereby certify on July 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Vance Dotson
vancedotson@yahoo.com
425 W. Wilshire Blvd Ste., E
Oklahoma City, OK 73116
(405) 406-7323
*Pro Se Plaintiff*

*/s/ Samin Agha*
**SAMIN AGHA**

7