**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| VANCE DOTSON,<br><br>    Plaintiff,<br><br>  v.<br><br>TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendants. | Case 1:25-cv-03326-MHC-CMS |

**DEFENDANTS EQUIFAX INFORMATION SERVICES, LLC AND TRANS UNION, LLC'S MOTION TO STAY PENDING COURT'S RULING ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Equifax Information Services, LLC ("Equifax"), and Trans Union LLC ("Trans Union") (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel of record, move to stay discovery, and related motion for summary judgment deadlines, pending this Court's ruling on their Joint Motion for Judgment on the Pleadings (the "MJOP").[1] This Motion to Stay is based upon the memorandum of points and authorities set forth herein and the pleadings in this action. Defendants would respectfully show the court the following:

---

[1] Prior to filing this Motion, counsel for Defendants emailed Plaintiff to see if he consented to the relief therein. Defendants did not receive a substantive response. On July 5, 2026, counsel for Equifax conferred with Plaintiff by telephone regarding various outstanding matters, including this Motion. Plaintiff indicated that he was not opposed to the Motion so long as it was filed after July 10, 2026 (the deposition of Equifax being set for July 9, 2026).

## I.    INTRODUCTION

As demonstrated in the MJOP, Plaintiff Vance Dotson's ("Plaintiff") Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims are without merit because he fails to state a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681e(b), 1681i, and 1681g, fails to establish Article III Standing, and fails to plausibly allege willfulness. *See generally* ECF No. 43-1. Given the spurious nature of Plaintiff's claims, and the potential disposition of all of Plaintiff's claims against Defendants, the parties, and the court, should not expend any further time, energy, and resources on discovery while the MJOP is pending. To that end, Defendants respectfully request the court stay this case pending the outcome of the MJOP.

## II.    BACKGROUND

Plaintiff's counsel recently withdrew in this action, and Plaintiff is no *pro se*.[2] Plaintiff's claims in this action against Defendants generally arise out of their purported failure to provide a complete disclosure of information contained in his consumer file. *See generally* ECF No. 32. More specifically, Plaintiff claims that Defendants "failed to include" information in his credit disclosures, including full account numbers, payment histories, and source information. *See* ECF No. 32, ¶¶ 15-

---

[2] Plaintiff's counsel withdrew after Defendants notified him regarding Plaintiff's offensive (and potentially threatening) social media commentary directly aimed at Defendants' counsel. Defendants' counsel intend to bring this issue to the Court.

326886756v.1

16, 37–39. Plaintiff further asserts that the disclosures contained "erroneous data, incomplete payment histories, and missing source information," and therefore did not comply with the requirements of 15 U.S.C. § 1681g. *See Id.* ¶¶ 15, 37, 39.

In addition, Plaintiff alleges that Defendants failed to conduct a reasonable reinvestigation of disputed information after receiving his dispute correspondence, in violation of 15 U.S.C. § 1681i. *See Id.* ¶¶ 17-19, 40–42, 58, 73. Plaintiff also claims that Defendants failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of his credit reports, as required under 15 U.S.C. § 1681e(b). *See Id.* ¶¶ 78–79. However, as detailed in Defendants' MJOP, Plaintiff's claims fail as a matter of law.

## III.   <u>LEGAL STANDARD</u>

This Court has broad discretion to control the pace of litigation and course of discovery to ensure cases move to a timely and orderly conclusion. *Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1351 (N.D. Ga. 2011); *Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("…we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ('…we accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

326886756v.1

Indeed, this Court's local rules expressly provide for such discretion. LR 26.2(B) provides, "[t]he court may, in its discretion, shorten or lengthen the time for discovery."); *see also Kinlocke v. Benton*, No. 1:16-CV-4165-TCB, 2017 WL 5639936, at *1 (N.D. Ga. Feb. 14, 2017) (staying discovery pending resolution of motion for judgment on the pleadings). This broad authority includes discretion to stay discovery while a dispositive motion is pending. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (finding no abuse of court's discretion in staying discovery pending motion to dismiss).

A court may grant a motion to stay discovery upon a showing of "good cause and reasonableness." *Principle Sols. Grp., LLC v. Ironshore Indemn., Inc.*, No. 1:15-CV-4130-RWS, 2016 WL 9049187, at *1 (N.D. Ga. Mar. 22, 2016); *see also Anderson v. Dunbar Armored, Inc.*, 678. F. Supp. 2d 1280, 1291 (N.D. Ga. 2009) (granting a stay and noting "[t]he Federal Rules of Civil Procedure grant the Court discretion to alter the normal discovery schedule for the convenience of parties and witnesses and in the interests of justice"). Generally, because discovery is not relevant to motions to dismiss for failure to state a claim, avoiding the cost and expense of discovery while such a motion is pending has been deemed "good cause" for staying discovery. *Roberts v. FNB S. of Alma, Ga.*, 716 F. App'x 854, 857 (11th Cir. 2017) ("[T]he district court properly stayed discovery pending a ruling on the

4

legal sufficiency of [the] complaint because there was no 'need for discovery before the court rule[d] on the motion.'") (internal citations omitted).

## IV.    ARGUMENT AND AUTHORITIES

### A.    Defendants' MJOP Will Dispose of All of Plaintiff's Claims.

As discussed more thoroughly in the MJOP, Plaintiff has failed to identify any actionable claim against Defendants. *See generally* ECF No. 43-1. Consequently, because there is a strong likelihood that the MJOP will dispose of all of Plaintiff's claims against Defendants, the court should stay discovery. The Eleventh Circuit has specifically cautioned against allowing a case to proceed through discovery and pretrial procedures when the plaintiff has stated a potentially invalid claim:

> …when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible.

*Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). "[T]he court's duty in this regard becomes all the more imperative when the contested claim is especially dubious." *Id.*

Applied here, Plaintiff's claims are especially dubious. Plaintiff styles himself the "Credit Doctor" and advertises himself as someone who can repair and fix credit and advise potential plaintiffs on litigation strategy against consumer reporting agencies like Defendants. While Plaintiff alleges that there was

326886756v.1

information supposedly missing from his credit file provided to Plaintiff, Plaintiff never identifies a single inaccuracy in that credit file.  Instead, Plaintiff repeatedly alleges only that additional information supposedly existed somewhere within Defendants' systems and could have been disclosed differently. Plaintiff likewise attempts to transform § 1681g from a disclosure statute governing the consumer's "file" into a sweeping federal data-access regime requiring disclosure of potentially limitless categories of internal system data, and without any administrable limiting principle. But nothing in the statutory text supports Plaintiff's attempt to expand the term "file" into every category of electronically stored information potentially associated with a consumer somewhere within a CRA's systems.

Plaintiff has already attempted to litigate these theories in Oklahoma, and lost. *See, e.g.*, *Dotson v. Nat'l Consumer Telecomms. & Util. Exch., Inc.*, No. CIV-25-1171-SLP, 2026 WL 575337, at *4–8 (W.D. Okla. Mar. 2, 2026).   Because Plaintiff's claims are facially flawed, this Court should dispose of them through the MJOP before the parties, and the court, expend precious time and resources needed for fulsome discovery.

**B.      No Discovery is Currently Needed, and Motions for Summary Judgment May Be Wholly Unnecessary Pending a Ruling on the MJOP.**

The court should stay discovery, pending the resolution of the MJOP, because it does not necessitate any discovery, and the parties should not be required to expend any further time, energy, and resources propounding and responding to discovery

326886756v.1

requests and conducting depositions regarding claims unlikely to survive based on well-accepted legal principles and case law.

It is well-settled that motions challenging the legal sufficiency of a claim or defense, such as a motion to dismiss or MJOP based on failure to state a claim, should be resolved before discovery begins. *Chudasama*, 123 F.3d at 1367 ("Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."' *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."). Importantly, resolving such motions  before discovery has begun eliminates the "unnecessary costs to litigants and to the court system." *Chudasama*, 123 F.3d at 1368. "Conversely, delaying ruling on a motion to dismiss until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismissed the claim, imposes unnecessary costs." *Id*. at 1368.

Furthermore, because adjudication of a motion to dismiss or an MJOP may only be rendered based upon the pleadings and any judicially noticed facts, "the information produced in discovery is [] not relevant to a motion for judgment on the pleadings." *Jenkins v. Wachovia Bank, Nat'l Ass'n,* No. 1:09-CV-01259-MHS-GGB, 2010 WL 11647058, at *1 (N.D. Ga. Mar. 3, 2010) (quoting *Hart v. Hodges*,

326886756v.1

587 F.3d 1288, 1294 n.4 (11th Cir. 2009)). In this case, not only is discovery irrelevant to the merits of Defendants' MJOP, but it would result in the unnecessary expense associated with written discovery, depositions, expert witnesses, and potential discovery motions. To conserve resources, discovery should be stayed pending the resolution of Defendants' MJOP.

At a Minimum, the Court Should Stay the Motion for Summary Judgment Deadline.  Given the pendency of the MJOP, which is dispositive, the parties should not be spending time and resources on preparing Motions for Summary Judgment unless and until there is a decision on the MJOP.

## V.    CONCLUSION

For all the foregoing reasons, Defendants respectfully requests that this Court stay discovery on Plaintiff's claims pending a decision on their Joint Motion for Judgment on the Pleadings.

326886756v.1

DATED:  July 6, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Heather H. Sharp*
    Heather H. Sharp, GA Bar No.
    671545
    hsharp@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, Georgia  30309-3958
    Telephone:  (404) 885-1500
    Facsimile:  (404) 892-7056

*Counsel for Defendant*
*Equifax Information Services LLC*

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.


By: */s/ Samin Agha (WEP by HHS)*
    Samin Agha
    *Admitted Pro Hac Vice*
    sagha@qslwm.com
    Paul L. Myers, GA Bar No. 767391
    pmyers@qslwm.com
    QUILLING, SELANDER,
    LOWNDS, WINSLETT & MOSER,
    P.C.
    5801 Tennyson Pkwy, Ste 440
    Plano, Texas 75024
    Telephone:  (214) 560-5464
    Facsimile:  (214) 871-2111

*Counsel for Defendant*
*Trans Union LLC*

9

326886756v.1

## LOCAL RULE 5. 1 CERTIFICATION

I hereby certify that the foregoing filing was prepared with the font type and margin requirements of Times New Roman, 14-point font, in accordance with Local Rule 5.1.

/s/ Heather H Sharp
Heather H Sharp
*Counsel for Defendants Equifax, Inc. and Equifax Information Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I presented the foregoing DEFENDANTS EQUIFAX INFORMATION SERVICES, LLC, AND TRANS UNION, LLC'S MOTION TO STAY PENDING MOTION FOR JUDGMENT ON THE PLEADINGS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Heather H. Sharp
Heather H. Sharp
*Counsel for Defendant Equifax Information Services LLC*

10

326886756v.1