FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
NOV 10 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **VANCE DOTSON** | ) | |
| **Plaintiff,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | **1:25-cv-03326-MHC-CMS** |
| **TRANS UNION, LLC, EQUIFAX** | ) | |
| **INFORMATION SERVICES, LLC,** | ) | |
| **Defendants.** | ) | |
| | ) | |

# PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Vance Dotson, respectfully submits this Notice of Supplemental Authority in support of his Objections to the Final Report and Recommendation (Doc. 60) and in opposition to Defendants' Joint Motion for Judgment on the Pleadings (Doc. 43). The following recent authorities are directly relevant to the viability of Plaintiff's 15 U.S.C. § 1681g claims and to the standing and pleading standards applicable to those claims.

## I. Solomon v. Experian Information Solutions, Inc., No. 4:25-cv-3075 (S.D. Tex. Oct. 1, 2026) (Hanen, J.)

In *Solomon*, a pro se plaintiff alleged that Experian failed to provide a complete consumer file disclosure under § 1681g, pointing to missing data in the report even though Experian possessed the information. Experian moved for judgment on the pleadings under Rule 12(c) on the § 1681g, § 1681i, and § 1681e(b) claims. The plaintiff filed no response.

The court expressly noted the local rule treating failure to respond as a representation of no opposition but declined to grant the motion automatically. Citing Fifth Circuit precedent that local rules requiring responses do not authorize automatic grants of dispositive motions, the court reached the merits. It dismissed the § 1681i and § 1681e(b) claims with prejudice for failure to plead an objectively verifiable factual inaccuracy. On the § 1681g claim, however, the court denied the motion, holding that the allegations that Experian "refused to provide all the data contained within its files" and that "there are errors with missing data, even though Defendant Experian has this data," were sufficient at the pleading stage to allow a reasonable inference of liability under *Iqbal*.

This is significant. Even where a pro se plaintiff offered no opposition at all, the court found the § 1681g allegations sufficient to survive judgment on the pleadings. Here, by contrast, Plaintiff has actively opposed the motion, filed objections to the Report and Recommendation, and sought leave to amend. The operative allegations themselves already overcome the motion on the pleadings, as confirmed by the authority below from this District.

**II. Handy v. Experian Information Solutions, Inc., et al., No. 1:25-cv-06414-VMC-RDC (N.D. Ga. Nov. 6, 2026) (Cannon, M.J.) (Non-Final Report and Recommendation)**

In *Handy*, a consumer brought claims under §§ 1681g, 1681e(b), and 1681i against the three major CRAs based on incomplete, truncated, missing, or confusing information in consumer file disclosures obtained through AnnualCreditReport.com. The CRAs jointly

moved to dismiss. Magistrate Judge Cannon recommended that the motion be granted in part and denied in part.

On standing, the R&R held that allegations of time and effort spent reviewing incomplete disclosures, an increased risk of adverse credit decisions, and emotional distress (frustration, anxiety, embarrassment, and loss of peace of mind) were sufficient at the pleading stage. It cited *Losch v. Nationstar Mortgage LLC*, 995 F.3d 937, 943 (11th Cir. 2021), and *Nelson v. Experian Information Solutions Inc.*, 144 F.4th 1350, 1354-56 (11th Cir. 2025).

On the merits of the § 1681g claims, the R&R rejected the CRAs' argument that the claims were merely speculative. It found that the plaintiff identified specific missing information (omitted payment histories for Capital One and other accounts, "No Data" or blank entries despite other account-level data being displayed, and truncated or inconsistent history) and plausibly alleged that the CRAs possessed and retained that information in the consumer's file. Citing cases from this Circuit, including *Harris v. TransUnion, LLC*, No. 1:25-cv-192-MLB-JKL, 2025 U.S. Dist. LEXIS 98701 (N.D. Ga. May 23, 2025), the R&R concluded that such concrete allegations state a plausible claim under § 1681g(a)(1) for both negligent and willful violations. It recommended that the motion to dismiss be denied as to all § 1681g claims against all defendants.

The *Handy* R&R confirms that § 1681g claims based on specific identified omissions and missing data in consumer file disclosures survive a motion to dismiss (and,

by extension, a motion for judgment on the pleadings) when the plaintiff alleges that the CRA maintains the undisclosed information. These are the same categories of defects Plaintiff has alleged here. The R&R further supports that the concrete harms alleged for standing purposes are cognizable in this Circuit.

**III. Relevance to the Pending Matters**

The *Solomon* order demonstrates that a § 1681g claim alleging incomplete disclosure of data the CRA possesses can survive judgment on the pleadings even when the plaintiff files no response. Here, Plaintiff has not defaulted on the motion; he has opposed it, objected to the Report and Recommendation recommending dismissal for lack of standing and failure to state a claim, and sought leave to file a Third Amended Complaint. The existing pleadings already contain the specific factual allegations of missing or incomplete information that *Handy* and *Solomon* hold sufficient.

*Handy*, issued by a magistrate judge in this District only days ago, addresses nearly identical § 1681g theories involving truncated, missing, or "No Data" payment histories and account information in AnnualCreditReport.com disclosures. It finds both standing and a plausible claim on the merits. These authorities should be considered in resolving the Objections and the Motion for Judgment on the Pleadings. They demonstrate that Plaintiff's § 1681g claims are not subject to dismissal on the pleadings.

Copies of the *Solomon* Order and the *Handy* Non-Final Report and Recommendation are attached as Exhibit A and Exhibit B, respectively.

Respectfully submitted this 9th day of November, 2026.

/s/ Vance Dotson
425 W. Wilshire Blvd., Ste. E
Oklahoma City, OK 73116
Phone: 405-406-7323
Email: vancedotson@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true and correct copy of the foregoing Notice of Supplemental Authority (with exhibits) on counsel for Defendants by CM/ECF.

## RULE 11 AND GENERATIVE-AI CERTIFICATION

Pursuant to the Magistrate Judge's directive in the R&R (Doc. 60 at 18-19), Plaintiff states as follows:

Plaintiff has not used generative artificial intelligence as a drafting aid in preparing these Notice of Supplemental Authority.

Vance Dotson

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARTEIA HANDY,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*,

Defendants.

CIVIL ACTION NO.
1:25-cv-06414-VMC-RDC

**NON-FINAL REPORT AND RECOMMENDATION**

This is a consumer credit case. Plaintiff Darteia Handy has sued the three major consumer reporting agencies—Experian, Equifax, and TransUnion (the "CRAs")—alleging violations of the Fair Credit Reporting Act ("FCRA"). The CRAs have jointly moved to dismiss all claims against them. The undersigned **RECOMMENDS** that the motion be **GRANTED IN PART and DENIED IN PART**.

## I. BACKGROUND

### *A. Factual Background*

This case concerns the disclosure and publication of allegedly inaccurate or misleading information about Plaintiff's credit history. The facts, construed in her

favor, are as follows.[1]

On March 18, 2025, Plaintiff requested and received consumer file disclosures from Defendants through the AnnualCreditReport.com annual disclosure process. (Doc. 32 ¶ 37). According to Plaintiff, the disclosures she received contained inconsistent, confusing, missing, or truncated account information across multiple tradelines, preventing her from fully ascertaining what information Defendants maintained about her and whether that information was accurate. (*Id.* ¶¶ 40, 42). Equifax and Experian's disclosures also revealed several inquiries from creditors in December 2024. (*Id.* ¶ 111).

On April 8, 2025, Plaintiff submitted written disputes to all three Defendants identifying specific tradelines and categories of incomplete, inaccurate, missing, unclear, or confusing account information in Defendants' disclosures, including incomplete balance history and blank entries. (*Id.* ¶¶ 43–45). In her dispute letter to Experian, Plaintiff identified the following account reporting as inaccurate or misleading:

- **Capital One Account 480213**: The balance history displayed ascending and descending balances and scheduled payments from June 2023 through May 2025 while simultaneously displaying $0 paid entries for each month reported. (*Id.* ¶ 70).

[1] When considering a motion to dismiss, the Court is obligated to "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

- **Capital One Account 552342:**[2] The account was opened on May 7, 2018, but the tradeline omitted payment history until October 2019. (*Id.* ¶ 72). It also showed ascending and descending balances and scheduled payments from June 2023 through May 2025 despite showing $0 paid for each month during that same timeframe which, per Plaintiff, is inaccurate. (*Id.*).

- **Macy's/CBNA**: The balance history displayed ascending and descending balances from June 2023 through March 2024, but $0 paid for each month reported which, per Plaintiff, is inaccurate. (*Id.* ¶ 73). Although the account was charged-off, it shows an ongoing outstanding balance, which Plaintiff alleges prevented her from determining whether Experian was maintaining the account as historically charged-off, currently collectible, actively outstanding, or subject to some other status-and-balance condition. (*Id.*).

- **Dep't. of ED/AIDVANTAGE ("Dep't. of Ed")**: Multiple tradelines were missing payment history and several months showed either "ND" or "No Data for this Period" without clarifying whether this was because Experian did not possess the relevant data or simply did not render it in the disclosure. (*Id.* ¶ 74). Per Plaintiff, this was misleading because Experian simultaneously displayed other account-level information for the same accounts, preventing her from determining whether the disclosure accurately represented the information maintained in her file. (*Id.*).

On June 25, 2025, after Experian had received her written dispute, Plaintiff again requested and received her consumer file disclosure. (*Id.* ¶ 65). Per Plaintiff, the June disclosure still contained the same categories of defects she had identified in her dispute letter. (*Id.* ¶ 67).

[2] Plaintiff identifies a third Capital One account, 517805, that she alleges was inaccurately or misleadingly reported. But she asserts contradictory information regarding the tradeline—first that the account was opened on May 3, 2018, and then that the account was opened on February 15, 2016—so the undersigned has omitted it. (Doc. 32 ¶¶ 71–72).

Meanwhile, in her April 2025 dispute letter to Equifax, Plaintiff flagged the following alleged inaccuracies or misleading information:

- **Capital One Account 3732**: Although the account was opened in May 2018, the tradeline only displayed payment history beginning in November 2022. (*Id* ¶ 90). While the 24-month payment history included ascending and descending balances and scheduled-payment information, it did not clearly render payment amount information, preventing Plaintiff from determining what account performance information Equifax maintained and what she needed to dispute. (*Id.*).

- **Capital One Account 2307**: Although Plaintiff opened the account in February 2016, the tradeline only displayed payment history from October 2018 through the present and did not explain this omission. (*Id.*). The 24-month payment history displayed ascending and descending balances and scheduled payments from June 2023 through May 2025, but omitted all payments. (*Id.*).

On June 25, 2025, Plaintiff again requested and received her consumer file disclosure from Equifax. (*Id.* ¶ 85). Despite her earlier dispute letter, Equifax's disclosure still contained the same categories of incomplete, inaccurate, omitted, and/or confusing account information. (*Id.* ¶¶ 86–87).

For example, in Equifax's March 18, 2025 disclosure, Plaintiff's Fingerhut account was disclosed as current, paid as agreed, or otherwise non-adverse between December 2023 and April 2024. (*Id.* ¶ 91). But in its June 2025 disclosure, Equifax displayed "ND" or "No Data Available" in the 24-month payment-history section during that same period despite continuing to report $0 balances for each month. (*Id.*). Likewise, in its March 2025 disclosure, Equifax showed one of Plaintiff's

Capital One accounts as current or paid-as-agreed for the reporting periods it displayed, but in its June 2025 disclosure it reported "ND" or "No Data Available" in the payment-history section for the months of June and July 2021 and July, August, and September 2018. (*Id.* ¶ 92).

Plaintiff also identified recurrent issues with her TransUnion consumer file disclosure. (*Id.* ¶¶ 100–101, 104). For instance, although TransUnion disclosed her Fingerhut account as paid as agreed with a $0 balance and payment/closure information, it labeled the tradeline as an account with "Adverse Information." (*Id.* ¶ 109). According to Plaintiff, the disclosure did not clearly identify what current or historical information made the account adverse. (*Id.*). And in its March 2025 disclosure, aside from a few missing entries in January and March 2023, TransUnion provided detailed monthly account-history information between September 2022 and November 2024. (*Id.*). But in its June 2025 disclosure, it displayed only the rating in the payment history section without explaining whether the monthly account history information had been removed from Plaintiff's file, retained but no longer rendered, suppressed by internal disclosure logic, affected by historical data limitations, or omitted through a changed consumer-disclosure template. (*Id.*). Per Plaintiff, TransUnion also misleadingly and/or inaccurately disclosed several Dep't. of ED/AIDVANTAGE tradelines by omitting portions of her payment history while still displaying information such as balances, dates updated, last payment made, pay

status, and deferment status. (*Id.* ¶ 110).

According to Plaintiff, these disclosures prevented her from meaningfully identifying, understanding, and correcting information in her consumer files and deprived her of information to which she was legally entitled under the FCRA. (*Id.* ¶¶ 129–30). She alleges that the nature of the disclosures left her uncertain of what information Defendants actually maintained about her and forced her to spend substantial time and effort reviewing the disclosures, comparing inconsistent account presentations, preparing disputes, and trying to determine what information required correction. (*Id.* ¶ 130). This exposed her to an increased risk that incomplete, unclear, or misleading file information would impact credit evaluations or other decisions relying on her consumer information and caused her frustration, anxiety, embarrassment, emotional distress, and loss of peace of mind. (*Id.*).

***B. Procedural History***

Plaintiff initiated this action in November 2025, asserting various claims against Defendants under the FCRA. (Doc. 1). All three Defendants answered and the case proceeded to discovery. (Docs. 10, 12, 18, 26). In June 2026, Plaintiff amended her complaint, bringing claims for negligent and willful violations of: (1) 15 U.S.C. § 1681g, which governs a CRA's consumer file disclosure obligations; (2) 15 U.S.C. § 1681e(b), which governs a CRA's obligations to report credit information accurately; and (3) 15 U.S.C. § 1681i, which governs a CRA's

reinvestigation obligations. (Doc. 32 at 38–41). Defendants jointly moved for dismissal, (Doc. 33), and the motion is now ripe for review.

## II. LEGAL STANDARD

When evaluating a motion to dismiss, the reviewing court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The touchstone is *plausibility* rather than mere *possibility*. *Id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). And a claim's plausibility must be buoyed by facts over fancy. *Id.* (explaining that a complaint must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation"). That means "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although a court must accept well-pleaded facts as true and make reasonable inferences in favor of the plaintiff, it is not required to accept the plaintiff's legal conclusions or unwarranted deductions of fact. *See Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012). In short, the plaintiff's allegations must sketch an actual (*i.e.*, factual)—not just hypothetical—claim. *Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citation

omitted)).

Moreover, the pleaded facts themselves must be more than just consistent with an entitlement to relief—they must reasonably suggest as much. *Twombly*, 550 U.S. at 557 (underscoring "[t]he need at the pleading stage for allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief). Ultimately, the pleading standard requires the plaintiff to allege sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

According to Plaintiff, each of the CRAs violated the FCRA by failing to: (i) clearly and accurately disclose her information in their consumer files; (ii) follow reasonable procedures to ensure that her consumer reports were accurate; and (iii) reinvestigate her disputed information. In response, Defendants argue that Plaintiff lacks standing because she hasn't articulated a sufficiently concrete injury and that, in any event, she has also failed to state any plausible claims.

Because it implicates the Court's subject matter jurisdiction, the undersigned first turns to the question of standing. *See United States v. $688,670.42 Seized from Regions Bank Acct. No. XXXXXX5028*, 449 F. App'x 871, 873 (11th Cir. 2011) ("Because standing is a threshold jurisdictional question, we address this issue first."). Article III of the U.S. Constitution limits the jurisdiction of federal courts to

"Cases" and "Controversies." U.S. Const. art. III, § 2. A plaintiff must establish standing to sue as part of the case-or-controversy limitation. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). To establish standing, a plaintiff must show that: (i) she suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) the injury was likely caused by the defendant; and (iii) the injury would likely be redressed by judicial relief. *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). These elements must be demonstrated "with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 431 (citation omitted). That means that, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice[.]" *Lujan*, 504 U.S. at 561.

Notably, a plaintiff cannot rely on "a bare procedural violation, divorced from any concrete harm, [to] satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Rather, the plaintiff must plausibly allege an actual injury. Here, Plaintiff alleges that Defendants' disclosure and publication of inaccurate and misleading information forced her to spend time and effort reviewing the disclosures in an attempt to determine what information had been omitted or needed correction, exposed her to an increased risk of negative credit evaluations, and caused her frustration, anxiety, embarrassment, emotional distress, and loss of peace of mind. (Doc. 32 ¶ 130). At the pleading stage, this will do. *Losch*

*v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021) (finding that "the emotional distress and time [the plaintiff] spent contesting the inaccurate information" was sufficient to confer Article III standing); *Nelson v. Experian Info. Sols. Inc.*, 144 F.4th 1350, 1354-56 (11th Cir. 2025) (suggesting that "wasted time and effort," when coupled with allegations of disclosure of inaccurate information to a third party, effect on her ability to attain credit, or emotional or psychological injury, is a concrete harm for standing purposes).

Having found that Plaintiff has alleged a sufficiently concrete injury as to entitle her to bring suit under the FCRA, the undersigned turns to the merits of her claims.

***A. Failure to Disclose, 15 U.S.C. § 1681g***

Plaintiff first alleges that after she submitted requests to Defendants, they each failed to disclose the requisite information from her consumer file.

Section 1681g of the FCRA provides that, as CRAs, Defendants must, upon request, disclose "[a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). This "file" includes "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." *Id.* § 1681a(g). Examples include sources of information, persons who have procured consumer reports for employment purposes, certain check information, and recent account inquiries. *Id.* § 1681g(a)(2)–(5). To state a

claim under § 1681g, the plaintiff must allege that: (1) she requested a copy of her consumer file; (2) the defendant failed to provide her with the information in her file; (3) she suffered concrete harm; and (4) the harm was caused by the defendant's failure to disclose. *See Bell-Loffredo v. Equifax Info. Servs., LLC*, No. 2:21-cv-03637, 2022 U.S. Dist. LEXIS 184975, at *2 (C.D. Cal. Oct. 6, 2022) (citing *Ramirez*, 594 U.S. at 418–19).

Defendants characterize Plaintiff's Section 1681g claim as an attempt to unreasonably expand the scope of the FCRA's disclosure requirement, arguing that her allegations rely on mere speculation that more account data exists in their systems than what was displayed in her disclosures. The undersigned agrees that such conjecture, without more, does not give rise to a viable FCRA claim. *See, e.g., Rawls v. Trans Union, LLC*, No. 1:24-cv-3948-VMC-CCB, 2025 U.S. Dist. LEXIS 150328, at *4 (N.D. Ga. Aug. 5, 2025) ("[D]istrict courts within the Eleventh Circuit have found that complaints are too speculative and fail to state a plausible claim for relief under Section 1681g where the plaintiff fails to provide a factual basis for his assertion that what he received from the defendant consumer reporting agency (CRA) was not his full consumer file disclosure" (cleaned up, collecting cases)), *R&R adopted*, 2025 U.S. Dist. LEXIS 258096 (N.D. Ga. Sep. 17, 2025); *Joseph v. Experian Info. Solutions, Inc.*, No. 1:18-cv-03443-WMR-RGV, 2019 U.S. Dist. LEXIS 187003, at *8–9 (N.D. Ga. Jul. 3, 2019) (recommending dismissal of the

plaintiff's Section 1681g claim because his allegations constituted conclusory and speculative "guesswork"), *R&R adopted*, 2019 U.S. Dist. LEXIS 187005 (N.D. Ga. Aug. 13, 2019). But in this case, Plaintiff's allegations are more concrete.

In her amended complaint, Plaintiff identifies specific information missing from her disclosures and plausibly alleged that the CRAs possess that information. Beginning with Experian, Plaintiff alleges that its reporting of her Capital One accounts omitted several years of payment history, its reporting of her Macy's/CBNA account omitted the amount paid each month between June 2023 and March 2024, and its disclosure of her Dep't. of ED tradelines reflected "No Data for this Period" with respect to payment history despite showing other account-level information for those tradelines during the same timeframe. (Doc. 32 ¶¶ 70–74). She claims that Equifax's disclosure omitted up to four years of payment history for her Capital One accounts. (*Id.* ¶ 90). And she also alleges that its June 2025 disclosure displayed "No Data Available" in the payment history fields for her Capital One and Fingerhut tradelines where, in March 2025, those fields showed a $0 balance amount or "paid-as-agreed" entries. (*Id.* ¶¶ 91–92). As for TransUnion, Plaintiff asserts that its June 25, 2025 disclosure classified her Fingerhut tradeline as adverse but omitted account history details that had been available months earlier, including two years of balance, scheduled-payment, and past-due amounts and rating information. (*Id.* ¶ 109). Per Plaintiff, these omissions left her unable to determine the basis of the

account's adverse classification. (*Id.*). And she alleges that TransUnion's disclosures omitted payment history entries for her Dep't of ED account despite providing related account-level information for the same tradeline, such as balances, payments received, and the last payment made, thereby preventing her from determining whether the tradeline was reported accurately. (*Id.* ¶ 110).

Courts in this Circuit have repeatedly permitted Section 1681g(a)(1) claims to advance where the plaintiff identifies the information missing from specific accounts and plausibly alleges that the missing information was furnished to the CRA and contained in its file on her. *See, e.g., Harris v. TransUnion, LLC*, No. 1:25-cv-192-MLB-JKL, 2025 U.S. Dist. LEXIS 98701, at *7 (N.D. Ga. May 23, 2025) (denying motion to dismiss Section 1681g(a)(1) claim where the plaintiff identified truncated or missing account numbers and payment histories from specific accounts in the defendant's disclosure of his consumer file), *R&R adopted*, 2025 U.S. Dist. LEXIS 154874 (N.D. Ga. July 30, 2025); *Ballard v. Equifax Info. Servs., LLC*, No. 0:25-CV-62108-AUGUSTIN-BIRCH, 2025 U.S. Dist. LEXIS 255544, at *1 (S.D. Fla. Dec. 10, 2025) (denying motion to dismiss Section 1681g(a)(1) claim where the plaintiff alleged that Equifax's disclosure omitted full account numbers and there was missing account information and payment history); *Lammert v. Equifax Info. Servs., LLC*, No. 6:26-cv-00825-PGB-LHP, 2026 U.S. Dist. LEXIS 191230, at *5 (M.D. Fla. Aug. 25, 2026) (rejecting the defendant's argument that a claim under

Section 1681g requires a consumer to allege the omitted information had some bearing on creditworthiness). Here, Plaintiff has done exactly that.

To be sure, it remains to be seen whether Plaintiff can adduce evidence to prove the harm she suffered because of the allegedly insufficient disclosures. But for now, she has alleged enough for her claim to advance. *See Campbell v. Equifax Info. Servs., LLC,* No. 4:18-cv-53, 2019 U.S. Dist. LEXIS 48999, at *6 (S.D. Ga. Mar. 25, 2019) ("As to causation and damages, general allegations of harm are sufficient to state an FCRA claim when the complaint as a whole supports the inference that the defendant is liable for the claim [because] the existence of specific facts showing that Plaintiff suffered credit or emotional harm as a result of Defendant's alleged inaccurate credit reporting will determine what damages Plaintiff may ultimately recover, not whether she has stated a plausible claim as to damages."); *Foster v. Santander Consumer U.S., Inc.*, No. 1:18-CV-4146-WMR-JFK, 2019 U.S. Dist. LEXIS 135557, at *13 (N.D.Ga. May 29, 2019) (concluding that the plaintiff's allegations that he suffered "credit and emotional damages," including "mental anguish, suffering, humiliation, and embarrassment," were sufficient at the motion-to-dismiss stage). Accordingly, the undersigned concludes that Plaintiff has stated a plausible claim for negligent violations of Section 1681g.

***B. Failure to Ensure Accuracy, 15 U.S.C. § 1681e(b)***

Next, Plaintiff alleges that Defendants acted unreasonably by reporting

inaccurate information in violation of Section 1681e(b). In response, Defendants argue that Plaintiff failed to identify any inaccurate or misleading reporting and that, in any event, she has not plausibly alleged that she was harmed by any purported inaccuracy. The undersigned finds that Plaintiff has plausibly stated claims *only* against Experian and Equifax with respect to her Capital One and Macy's/CBNA accounts.

The purpose of the FCRA is "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." *Equifax, Inc. v. FTC*, 678 F.2d 1047, 1048 (11th Cir. 1982) (citation omitted). Section 1681e(b) concerns the procedures that CRAs are required to employ to maintain accurate information. *See* 15 U.S.C. § 1681e(b). To plausibly state a claim under Section 1681e(b), a plaintiff must plead enough facts to suggest that her credit report contained factually inaccurate information. Specifically, the plaintiff must allege that: (1) the CRA published an inaccurate consumer report to a third party; (2) in publishing its consumer report, the CRA failed to follow reasonable procedures to ensure the maximum possible accuracy of the consumer report; and (3) the plaintiff suffered damages as a result. *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1328 (S.D. Fla. 2011). An item on a credit report is "inaccurate" where it is factually untrue or likely to lead to a misunderstanding. *See Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020) ("[A]

report must be factually incorrect, objectively likely to mislead its intended user, or both to violate the maximal accuracy standard of the Fair Credit Reporting Act.").

According to Defendant, Plaintiff's complaint fails to identify any concrete inaccuracies and instead points only to omissions in her consumer disclosure, which, it argues, are not actionable inaccuracies under Section 1681e(b). A review of her complaint reveals that this is not entirely correct.

Beginning with Experian, Plaintiff identifies issues with its reporting of three of her accounts: Capital One, Macy's, and Dep't of Ed. With respect to the Capital One and Macy's accounts, Plaintiff alleges that Experian inaccurately reported that she paid $0 each month between June 2023 and March 2024. (Doc. 32 ¶ 72). Similarly, she alleges that Equifax displayed an inaccurate 24-Month History for her Capital One accounts identified as 3732 and 2307 by displaying ascending and descending balances but omitting all payment information. (*Id.* ¶ 90). To sustain an FCRA claim, the plaintiff must identify "objectively and readily verifiable" information that was misreported. *See Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1368–69 (11th Cir. 2024). As to these specific accounts, Plaintiff has met her pleading burden. Evidence may later refute the claims. But according to her amended complaint, Experian and Equifax inaccurately reported that Plaintiff did not make payments on these accounts during those ten months. Taking her allegations as true, as the Court must at the pleading stage, this is enough to survive

dismissal.

The same cannot be said of the remaining accounts. Starting with Experian's reporting of her Dep't. of Ed accounts, Plaintiff alleges only that its disclosure of these tradelines was "incomplete, unclear, and/or misleading" because it displayed "multiple months of 'ND,'" or "No Data" in certain fields. (Doc. 32 ¶ 74). Likewise, she alleges that TransUnion displayed blank or "No Data" entries in the payment history fields of her Dep't of ED tradelines and placed her Fingerhut tradeline in a section marked "Accounts with Adverse Information" without identifying what made the account adverse. (*Id.* ¶¶ 109–110).

The undersigned finds no authority in this Circuit to suggest that the use of a blank field, without more, constitutes an inaccuracy under the FCRA. *See Miller v. Trans Union, LLC*, No. 3:25-CV-623-RAH-CWB, 2025 U.S. Dist. LEXIS 270143, *8–9 (M.D. Ala. Nov. 12, 2025) (recommending dismissal of plaintiff's Section 1681e(b) claim because the existence of blank fields or "No Data" entries are not inherently inaccurate or misleading) (collecting cases), *R&R adopted*, 2026 U.S. Dist. LEXIS 33838 (M.D. Ala. Feb. 19, 2026). In any event, Plaintiff does not attempt to allege that this reporting was inaccurate. Instead, she argues that the "No Data" notation was "confusing" because it created "ambiguity about what information existed in Experian's file and what was being withheld." (*Id.* ¶ 74). But Plaintiff does not explain how such a notation is likely to create a misunderstanding.

If anything, reporting "No Data" serves to explain the absence of the account information.

Nothing in Plaintiff's complaint suggests that the blank fields or "No Data" entries she flagged would be objectively likely to mislead persons or entities making credit decisions. *See Erickson*, 981 F.3d at 1252 (noting that the Section 1681e(b) standard "must be applied objectively"); *Yarbrough v. Experian Info. Sols. Inc.*, No. 5:25-cv-1194-HDM, 2026 U.S. Dist. LEXIS 109276, *6–7 (N.D. Ala. May 18, 2026) (dismissing plaintiff's 1681e(b) claim grounded in "No Data" notations because "[i]t is not reasonable to infer that [a CRA's] use of these codes would cause a third party to reach adverse conclusions regarding" the plaintiff's credit) (internal citation omitted). Plaintiff's confusion alone does not suffice to render this reporting inaccurate under Section 1681e(b).[3]

Turning next to the issue of causation and damages, Defendants argue that Plaintiff hasn't alleged any facts showing that she suffered actual injury due to its reporting. But general allegations of harm are sufficient to state an FCRA claim

---

[3] The undersigned notes that, in addition to failing to allege an actionable inaccuracy in TransUnion's reporting, Plaintiff's complaint also lacks any allegations that TransUnion published her credit report to a third party. This, too, defeats her Section 1681e(b) claim. *See Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 645 (S.D. Ala. 2007) (explaining that "[a] 'consumer report' is a report prepared for third parties," while "[r]eports prepared solely for the consumer do not constitute 'consumer reports' under the FCRA"); *Barreto v. Equifax Info. Servs. LLC*, No. 1:22-cv-04941-VMC-RDC, 2023 U.S. Dist. LEXIS 137346, at *9 (N.D. Ga. May 25, 2023) (holding that the plaintiff's Section 1681b(e) claim could not survive dismissal where she did not allege when or to whom allegedly inaccurate credit reports were published), *R&R adopted*, 2023 U.S. Dist. LEXIS 137347 (N.D. Ga. July 19, 2023).

when the complaint as a whole supports the inference that the defendant is liable for the claim. *See Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1123–24 (11th Cir. 2006) (explaining that "the existence of compensable emotional distress" is not relevant to "whether an individual has adequately stated a prima facie claim" under the FCRA). Under the FCRA, recoverable damages include both economic damages and noneconomic damages such as emotional distress. *See* 15 U.S.C. § 1681o; *Moore v. Equifax Info. Servs. LLC*, 333 F. Supp. 2d 1360, 1365 (N.D. Ga. 2004) ("Plaintiff testified that he suffered humiliation and embarrassment as a result of Equifax's inaccurate credit report. Such damages for mental distress are recoverable under the FCRA even if the consumer has suffered no out-of-pocket losses.").

In sum, Plaintiff has plausibly alleged that Experian and Equifax's reporting of her Capital One accounts (480213, 552342, 3732, and 2307) and Experian's reporting of her Macy's/CBNA account violated Section 1681e(b). Her claims about the other accounts, however, are due to be dismissed.

***C. Failure to Investigate Dispute, 15 U.S.C. § 1681i***

Finally, Plaintiff claims that Defendants failed to satisfy their reinvestigation duties under Section 1681i by continuing to report the same "category of defects" she identified in her dispute letter.

Section 1681i provides that when a consumer disputes the accuracy or

completeness of the information in her consumer file with a CRA, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days. 15 U.S.C. § 1681i(a)(1)(A). To state a claim under Section 1681i, a plaintiff must plead the following: (1) her consumer file contained inaccurate or incomplete information; (2) she notified the CRA of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the CRA failed to respond or conduct a reasonable reinvestigation of the disputed item(s); and (5) she sustained damages as a result. *Meeks v. Equifax Info. Servs., LLC*, No. 1:18-CV-0366, 2019 U.S. Dist. LEXIS 71774, at *4 (N.D. Ga. Mar. 4, 2019), *R&R adopted*, 2019 U.S. Dist. LEXIS 74277; *see also Losch*, 995 F.3d at 944 (noting that the elements of a Section 1681i claim are "the same" as a Section 1681e(b) claim "except the plaintiff needn't show that the agency prepared and distributed a report").

As discussed in the section above, Plaintiff has not adequately described inaccuracies with respect to Experian's reporting of her Dep't of Ed account or any of TransUnion's reporting. As for the remaining Capital One and Macy's accounts, Plaintiff must plausibly allege that Experian and Equifax's procedures were unreasonable. Defendants argue that her allegations fall flat because she has failed to identify any specific deficiencies with its reinvestigation processes. But at the

pleading stage, plausible allegations of misleading reporting that persisted even after the CRA was notified of the issue support an inference of unreasonable procedures. *See, e.g., Butler v. Equifax Info. Servs., LLC*, No. 1:25-cv-01348-LMM-JKL, 2026 U.S. Dist. LEXIS 118429, at *8-9 (N.D. Ga. Mar. 20, 2026); *Pullman v. Wells Fargo Bank, N.A.*, No. 8:22-CV-2720-VMC-JSS, 2023 U.S. Dist. LEXIS 91069, at *13 (M.D. Fla. May 24, 2023) (holding that although the amended complaint did not "identify the ways in which [the defendant's] investigation fell below the standard of care, such specificity is not required at the pleading stage"); *Sims v. Experian Info. Sols., Inc.*, No. 1:20-CV-957-CC-JKL, 2020 U.S. Dist. LEXIS 189678, at *8 (N.D. Ga. Aug. 11, 2020) ("As this Court has explained, "at the pleading stage, a plaintiff's allegation that there was an inaccuracy in [her] credit report is generally sufficient to suggest that the agency did not employ reasonable procedures to assure maximum possible accuracy." (internal citation omitted)), *R. & R. adopted*, 2020 U.S. Dist. LEXIS 189676 (N.D. Ga. Sept. 25, 2020). Here, Plaintiff has met this burden. Crediting her account, Plaintiff submitted a written dispute to Experian and Equifax identifying inaccurate monthly payment amounts over a 10-month period. But when she received her updated disclosure over two months later, the inaccuracy remained. The undersigned concludes that Plaintiff has plausibly alleged Experian and Equifax's report-preparation and investigation procedures were unreasonable.

***D. Willfulness***

At this juncture, the undersigned has concluded that Plaintiff stated plausible claims against all Defendants under Section 1681g, and against Experian and Equifax with respect to her Capital One and Macy's accounts under Section 1681e and Section 1681i. Each of these claims, as reviewed thus far, rests on a plausible inference that Defendants negligently violated their respective statutory obligations. *See* 15 U.S.C. § 1681o. But Plaintiff goes further and claims that Defendants acted willfully. *See id.* § 1681n.

To successfully plead a willful violation of the FCRA the plaintiff must present facts suggesting the CRA "either knowingly or recklessly violated" its statutory obligations. *Losch*, 995 F.3d at 947. In other words, mere carelessness is not enough. *See id.* ("A credit-reporting agency recklessly violates the Act if it takes an action that 'is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'").

Courts in this District have often declined to dismiss FCRA willfulness theories at the pleading stage where the complaint plausibly alleges that the defendant was placed on notice of a fairly obvious reporting error but failed to correct it. *See, e.g., Phan v. Equifax Info. Servs., LLC*, No. 1:25-cv-1167-ELR-CCB, 2026 U.S. Dist. LEXIS 23132, at *9-10 (N.D. Ga. Feb. 3, 2026), *R&R adopted*, 2026

U.S. Dist. LEXIS 89133 (N.D. Ga. Mar. 9, 2026); *Garner v. Equifax Info. Servs., LLC*, No. 1:23-CV-03899-ELR-RDC, 2024 U.S. Dist. LEXIS 23665, at *5-7 (N.D. Ga. Feb. 9, 2024) (collecting cases). And they have taken a similar approach with claims for willful violations of 1681g. *See, e.g., Lammert v. Equifax Info. Servs., LLC*, 2026 U.S. Dist. LEXIS 191230, *16 (M.D. Fla. Aug. 25, 2026) (permitting the plaintiff's willfulness claim under 1681g to advance where he plausibly alleged that omissions and inaccuracies in his credit disclosure caused confusion, frustration, and emotional distress). Looking to the pleadings, and accepting Plaintiff's allegations as true, the undersigned sees no reason to diverge from this approach. Accordingly, the undersigned finds that Plaintiff has sufficiently alleged willful violations of the FCRA.

## IV. CONCLUSION

For the reasons above, the undersigned **RECOMMENDS** that Defendants' motion to dismiss, (Doc. 33), be **GRANTED IN PART and DENIED IN PART**. Specifically, the undersigned **RECOMMENDS** the following:

1. Defendants' motion to dismiss should be **DENIED** as to Plaintiff's claims alleging negligent and willful noncompliance under 15 U.S.C. § 1681g.
2. Defendants' motion to dismiss should be **DENIED** as to Plaintiff's claims alleging negligent and willful noncompliance under 15 U.S.C. §§ 1681e and 1681i ***solely*** with respect to her Capital One accounts (480213,

552342, 3732, and 2307) as reported by Experian and Equifax, and her Macy's/CBNA account as reported by Experian.

a. Accordingly, Defendants' motion to dismiss should be **GRANTED** as to Plaintiff's claims alleging negligent and willful noncompliance under 15 U.S.C. §§ 1681e and 1681i with respect to her Dep't. of ED account as reported by Experian and her Fingerhut account as reported by Equifax.

3. Defendants' motion to dismiss should be **GRANTED** as to Plaintiff's claims against TransUnion alleging negligent and willful noncompliance under 15 U.S.C. §§ 1681e(b) and 1681i.

4. Because Plaintiff has already taken an opportunity to amend her complaint but does not explain how she would bolster these claims, the undersigned **RECOMMENDS** that these other claims be dismissed with prejudice.[4]

IT IS SO **RECOMMENDED** on this 6th day of November 2026.

R. Cannon

REGINA D. CANNON
United States Magistrate Judge

[4] *See Eiber Radiology, Inc. v. Toshiba Am. Med. Sys.*, 673 F. App'x 925, 930 (2016) ("We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor have we concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so.").

United States District Court
Southern District of Texas
**ENTERED**
October 19, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

JUANETTA SOLOMON, §
§
*Plaintiff,* §
VS. § CIVIL ACTION NO. 4:25-CV-3075
§
EXPERIAN INFORMATION SOLUTIONS, INC.; §
§
§
*Defendants.* §
§

**ORDER**

Pending before this Court is Defendant Experian Information Solutions, Inc.'s ("Experian") Motion for Judgment on the Pleadings (Doc. No. 14). Plaintiff Juanette Solomon ("Solomon") has not filed a response. After considering the motion and the law, the Court hereby **GRANTS-IN-PART** and **DENIES-IN-PART** Experian's Motion for Judgment on the Pleadings.

**I. Factual Background**

This case concerns violations of the Fair Credit Reporting Act ("FCRA"). *Pro se* Plaintiff Juanette Solomon filed this action against Experian on July 1, 2025. Solomon alleges that on February 11, 2025, she sent Experian a written letter disputing information as inaccurate and incomplete. The letter, a copy of which Solomon attached to her complaint, appears to be a print-out of Solomon's credit report with several fields circled and identified as "incomplete." Soloman appears to allege that (1) Experian did not provide her with a complete report, as required by 15 U.S.C. § 1681g, and that (2) the report contained various inaccuracies which Experian then failed to correct, in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681e(b). Experian filed an answer and then a Rule 12(c) motion for judgment on the pleadings. Solomon has not responded to that motion.

## II. Legal Standard

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; see also Hanen L.R. 7(D). As stated above, Plaintiffs failed to respond to Defendant's motion by the Court's June 3, 2021, deadline. Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." See *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213-14 (5th Cir. 1980)). Thus, the Court will consider the merits of Defendant's motion.

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 544-545 (5th Cir. 2010). A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. Analysis

Solomon asserts claims under 15 U.S.C. § 1681i, 15 U.S.C. § 1681e(b), and 15 U.S.C. § 1681g. The Court takes each in turn.

### A. Solomon's Section 1681i claim

The Fifth Circuit has held that "inaccuracy is a threshold requirement for § 1681i claims. *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 286 (5th Cir. 2025). In other words, "without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail." *Id.* (citing *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008)). In order to meet this threshold, "the alleged inaccuracy reported by the consumer reporting agency must first be 'sufficiently objectively verifiable' to be actionable under the FCRA. *Id.* at 287 (quoting *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 270 (2d Cir. 2023)). Practically speaking, this means that "consumer reporting agencies are not required to investigate the legal validity of disputed debts under the FCRA." *Id.* at 289. This is because "credit reporting agencies are not tribunals and 'are

neither qualified nor obligated to resolve legal issues.'" *Id.* at 287 (quoting *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020)).

Solomon's complaint alleges merely that there was false and incomplete information contained in her credit report. In a document attached to her complaint, Solomon identifies several lines on her report on which she wrote "incomplete." "The Court is not bound to accept factual assumptions or legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. These allegations, without more, are not enough to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Solomon's Section 1681i claim is dismissed with prejudice.

**B. Solomon's Section 1681e(b) claim**

Section 1681(b) mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). As an initial matter, courts in the Fifth Circuit have held that this section also requires a showing of factual inaccuracy. *See, e.g., Estrada v. Experian Info. Sols., Inc.*, 670 F. Supp. 3d 412, 423 (W.D. Tex. 2013); *Holloway v. Equifax*, 2024 WL 1741814, at *2 (N.D. Tex. Mar. 25, 2024). As outlined above, Solomon's complaint does not sufficiently allege such an inaccuracy.

Additionally, The Fifth Circuit has held that Section 1681e(b) "does not impose strict liability for any inaccurate credit report, but only a duty of reasonable care in preparation of the report." *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982).

Solomon's complaint alleges only that there was false or incomplete information in her credit report in a conclusory fashion, and that Experian failed to correct it when Solomon notified Experian. It does not specifically allege what information was false or inaccurate. This, standing

alone, does not sufficiently allege that Experian failed to act reasonably in its preparation of Solomon's report. This is especially true where—as here—the complaint contains no factual information tending to show how or why the information was false or incomplete. Solomon's Section 1681e(b) claim is dismissed with prejudice.

**C. Solomon's Section 1681g claim**

Section 1681g requires a consumer reporting agency to, upon request, "clearly and accurately disclose to the consumer: (1) [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g.

Solomon has alleged that she requested a disclosure under Section 1681g and that "Experian refused to provide all the data contained within its files." (Doc. No. 1 at 4). By way of explanation, Solomon further alleges that "there are errors with missing data, even though Defendant Experian has this data." (*Id.*). Taking these allegations as true, it would appear that Experian sent Solomon a version of Solomon's file that contained fields that were missing data. At the pleading stage, this is sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Experian's motion is denied with respect to Solomon's 1681g claim.

## IV. Conclusion

For the foregoing reasons, Experian's motion for judgment on the pleadings is **GRANTED** with respect to Solomon's 15 U.S.C. § 1681i and 15 U.S.C. § 1681e(b) claims and **DENIED** with respect to Solomon's 15 U.S.C. § 1681g claim. The first two claims are dismissed with prejudice.

It is so ordered.

Signed on this the 19th day of October 2026.

Andrew S. Hanen
United States District Judge